[602 NYS2d 698]

In the Matter of STEPHEN J. LEHRMAN (Admitted as STEPHEN JAY LEHRMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 18, 1993

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains, for petitioner.

*Brennan, Fabriani & Novenstern,* Mount Kisco *(Sylvia L. Fabriani* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition, dated June 27, 1991, charges the respondent with nine allegations of professional misconduct. A supplemental petition, dated December 13, 1991, contains two additional charges. The Special Referee sustained Charges One, Three, Four, Six, Eight, Nine, in part, and Ten.

The petitioner moves to confirm the findings of the Special Referee sustaining Charges One, Three, Four, Six, Eight, Nine, in part, and Ten and to disaffirm the findings that Charges Two, Five, Seven, and Nine, in part, were not sustained. Charge Eleven was withdrawn by the petitioner at the hearing. The respondent cross-moves (1) to dismiss all charges contained in the petition and supplemental petition or, alternatively, to remit the charges, which were sustained by the Special Referee, to the Grievance Committee for the Ninth Judicial District for determination at the Committee level, (2) to appoint a second Special Referee for the limited purpose of reviewing the Grievance Committee's "Confidential Report", which was filed with this Court, in order to determine whether it contains any improper references to closed files concerning the respondent, (3) in the event the charges are not dismissed by this Court, to direct that the hearing be reopened to allow respondent the opportunity to submit documentary evidence regarding the respondent's absence from his office for vacation in July 1991 inasmuch as the veracity of the respondent's testimony was questioned by the Special Referee in his report, dated February 11, 1992, and (4) to grant the respondent's counsel permission to orally argue this matter before the Court.

Charge One alleges that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and which adversely reflects on his fitness to practice law. In or about December 1985 the respondent was

retained by Skyview Fuel Oil, Inc. (hereinafter Skyview), to commence an action against a debtor for nonpayment of a fuel bill. The respondent obtained a $971.78 default judgment against the debtor in the City Court of the City of Mount Vernon. The debtor thereafter acknowledged a debt to Skyview, conferred with the respondent, and attempted to pay $100 per month until the debt was paid in full.

Between October 1986 and March 1987 the debtor forwarded four $100 bills to the respondent. The respondent failed to acknowledge the four payments.

In or about March 1987 the respondent caused a restraining notice to be placed on the bank account of the wife of the judgment debtor. The bank withheld $1,157.67 from her account. In or about April 1987 the debtor informed the bank that the respondent had restrained the wrong bank account. The respondent informed the debtor in writing in or about May 1987: "Insofar as the bank restraining the wrong account is concerned, I have nothing whatsoever to do with that". The respondent knew, or should have known, that he had restrained the account of a person who was not the judgment debtor and that he failed to take corrective action.

Charge Two alleges that the respondent is guilty of conduct involving dishonesty, fraud, deceit, or misrepresentation and which adversely reflects on his fitness to practice law. The bank account of the debtor's wife was restrained in the amount of $771.78 when the amount then due on the debt was $571.78, in violation of CPLR 5222 (a).

Charge Three alleges that the respondent is guilty of aiding a nonlawyer in the unauthorized practice of law and engaging in conduct that adversely reflects on his fitness to practice law and/or conduct prejudicial to the administration of justice. The respondent delegated to nonlegal personnel in his office, without adequate supervision, his professional function of preparing the restraining notice against the bank account.

Charge Six alleges that the respondent is guilty of intentionally violating an established rule of procedure in violation of Code of Professional Responsibility DR 7-106 (C) (7) and of engaging in conduct which adversely reflects on his fitness to practice law and/or is prejudicial to the administration of justice. In or about July 1987 the respondent caused to be issued to the debtor a subpoena to examine a judgment debtor in the action brought by Skyview. The subpoena was returnable before an employee of the respondent in violation of

CPLR 3113 (a). The respondent received a Letter of Caution from the Grievance Committee for the Ninth Judicial District in 1983 for this same misconduct and, therefore, knew that it was proscribed by the CPLR.

Charge Eight alleges that the respondent is guilty of neglecting a legal matter and/or handling a legal matter without adequate preparation. The respondent was retained by a client to collect a debt. A judgment was entered against that debtor in the amount of $970.74 in or about September 1983. On or about August 26, 1987, the debtor paid the full amount of the judgment to the Westchester County Sheriff. His attorney sent copies of the checks in payment of the judgment to the respondent, requesting that a satisfaction of judgment be recorded. The respondent received payment in full from the Westchester County Sheriff on November 10, 1987. In or about December 1987 the respondent caused the debtor's salary to be garnished by the New York County Sheriff in the amount of $676.19. The debtor's attorney again contacted respondent's office to notify him that the judgment had been paid. Either the respondent or some member of his staff assured the attorney that the satisfaction had been recorded. After repeated telephone calls by the debtor and his attorney, the debtor was reimbursed in or about January 1988.

However, on or about March 15, 1988, the debtor's salary was garnished a second time and the sum of $875 was withheld. The debtor did not receive a satisfaction of judgment until later that month, which his attorney then filed. The debtor's salary was again garnished on or about July 6, 1988, for an additional $103.20 for interest and poundage over the $875 collected via the previous execution. The debtor was reimbursed by the New York City Sheriff on or about September 2, 1988, more than six months after the satisfaction was forwarded to him.

Charge Nine alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct which adversely reflects on his fitness to practice law with respect to the aforementioned satisfaction of judgment. The respondent's staff informed the debtor's attorney that the satisfaction of judgment had been taken care of on several occasions between August 1987 and March 1988. In his answer to the debtor's complaint, the respondent made the following representation: "In January [1988], debtor's attorney requested that we notify debtor's place of employment of payment, which we did. Thereafter, debtor's attorney re-

quested a second notification which was done on March 9, 1988 along with a second satisfaction of judgment."

The debtor did not receive a satisfaction of judgment until March 28, 1988.

Charge Ten alleges that the respondent is guilty of violation of Code of Professional Responsibility DR 5-105 (A) and (B) (22 NYCRR 1200.24 [a], [b]). The respondent was retained in or about October 1990 by a client to collect on judgments obtained by the client in connection with his insurance business. The respondent was also a principal of a realty corporation and was retained by that corporation as its attorney. In or about June 1991 the respondent's law office commenced a foreclosure action on behalf of the respondent's corporate client against, *inter alia,* the respondent's individual client. On or about June 28, 1991, the respondent moved in Supreme Court, Westchester County, for possession of the mortgaged premises or that a receiver be appointed for the property, and submitted an affidavit in support of the motion. The respondent's individual client is a principal of another corporation which is a named defendant in this foreclosure action. The respondent did not obtain the consent of his individual client before commencing the foreclosure action.

Based on the evidence adduced at the hearing, we find the Special Referee properly sustained Charges One, Three, Six, Eight, part of Nine and Ten. However, the Special Referee erred in failing to sustain Charge Two and the balance of Charge Nine and improperly sustained Charge Four. Accordingly, the petitioner's motion to confirm in part and disaffirm in part should be granted to the extent that Charges One, Two, Three, Six, Eight, Nine, and Ten are sustained. The respondent's cross motion is granted solely to the extent that Charges Four, Five, and Seven are dismissed and is denied in all other respects.

In determining an appropriate measure of discipline to impose, we have considered the respondent's characterization of himself as a "volume" attorney whose practice consists mainly of landlord/tenant and collection work, the relative paucity of complaints against him and his contentions regarding the evasive tactics of some of his client/debtors. Significantly, the respondent has an extensive history with the Grievance Committee, which includes three Letters of Caution and two Letters of Admonition issued between October 1981 and July 1985. One of the letters was issued for the same sort

of misconduct as set forth in Charge Six. Under the circumstances, the respondent is suspended from the practice of law for two years, commencing November 15, 1993, and continuing until the further order of this Court.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that Charges One, Two, Three, Six, Eight, Nine and Ten are sustained and the respondent's cross motion is granted solely to the extent that Charges Four, Five, and Seven are dismissed and is denied in all other respects; and it is further,

Ordered that the respondent, Stephen J. Lehrman, is suspended from the practice of law for a period of two years, commencing November 15, 1993, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof (a) that during that period he has refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Stephen J. Lehrman, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.